UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION OF | ) | Case No. |
| THE UNITED STATES OF AMERICA FOR AN | ) | 2:23-mc-95-KFW |
| ORDER PURSUANT TO 18 U.S.C. § 2703(d) | ) | FILED UNDER SEAL |
| | ) | |
| | ) | |

## APPLICATION FOR EXTENSION OF AN ORDER COMMANDING GOOGLE LLC NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF A 18 U.S.C. § 2703(D) ORDER AND REQUEST TO SEAL

The United States requests that the Court order Google LLC not to notify any person (including the subscribers and customers of the account listed in the above-referenced 18 U.S.C. § 2703(d) application and order) of the existence of the order for 90 days, until August 10, 2025.

Google LLC is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the above-referenced order, which requires Google LLC to disclose certain records and information to the United States Department of Health and Human Services, Office of the Inspector General, and the Federal Bureau of Investigation. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the above-referenced 18 U.S.C. § 2703(d) order relates to an ongoing criminal investigation that is neither public nor known to the target of the investigation, and its disclosure may alert the target to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the above-referenced

search warrant will seriously jeopardize the investigation or unduly delay a trial, including by giving the target the opportunity to destroy or tamper with evidence, change patterns of behavior or flee prosecution. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Much of the evidence in this investigation is stored electronically. If alerted to the existence of the warrant, the target could destroy that evidence, including information saved to personal computers, other electronic devices, or cloud storage.

For these reasons, the United States respectfully requests that the Court grant the attached Order directing Google LLC not to disclose the existence or content of the search warrant until August 10, 2025, except that Google LLC may disclose the above-referenced 18 U.S.C. § 2703(d) order to an attorney for Google LLC for the purpose of receiving legal advice.

Pursuant to an Order issued by the Court on February 13, 2025, the materials in this case are already under seal until May 14, 2025. The United States further requests that the Court order that this application and any resulting order be sealed until August 10, 2025. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Dated: May 12, 2025

Craig M. Wolff
Acting United States Attorney

*/s/ Danielle H. Sakowski*
Danielle H. Sakowski
Thomas D. Campbell
Trial Attorneys
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Ave NW
Washington, D.C. 20005
Telephone: (202) 631-5984
Danielle.sakowski@usdoj.gov